# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| HUBERT T. SPRAYBERRY, | : |
| Plaintiff, | : |
| VS. | : |
| Officer SCHANKE, Sergeant BEVINES, Officer CORBERT, Warden MARTY ALLEN, Deputy Warden ORR, Deputy Warden EMMONS, Unit Manager TERRELL, Officer WILSON, DR. MOODY, Nurse SELEKSA, Nurse FRY, Nurse GLORIA FRASER, Counselors WOODS, QUINN, and LOZANO, Lieutenant MELTON, Former Warden CEDRIC TAYLOR, Former Deputy Warden TED PHILBIN, and JOHN DOE CERT TEAM OFFICERS, | : **NO. 7:13-CV-136-HL-TQL** |
| Defendants. | : **ORDER & RECOMMENDATION** |

Plaintiff **HUBERT T. SPRAYBERRY**, currently confined at Augusta State Medical Prison ("ASMP"),1 filed this 42 U.S.C. § 1983 lawsuit (Doc. 1). In compliance with the Court's prior Order (Doc. 13), Plaintiff has submitted a recast complaint against the above-named Defendants (Doc. 14).

This Court previously granted Plaintiff's request to proceed *in forma pauperis* and waived the initial partial filing fee (Doc. 13). Plaintiff is nevertheless required to pay the full $350.00

---

1   *See* Georgia Department of Corrections' website at
http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp (as of March 11, 2014).

1

filing fee, as is discussed below.  The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of ASMP.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will,

therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See **Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff states that on August 5, 2012, while he was confined at Valdosta State Prison ("VSP"), he asked Defendant Lieutenant Melton to place Plaintiff in protective custody. According to Plaintiff, Defendant Officer Schanke instead placed Plaintiff in a cell with an inmate with whom Schanke knew Plaintiff would not get along and told Plaintiff it would be for only one night. After being so confined for five days, Plaintiff flooded his cell so that he would get moved. Schanke thereafter allegedly entered Plaintiff's cell, handcuffed Plaintiff, and encouraged Plaintiff's cellmate to beat Plaintiff. In addition to the cellmate beating Plaintiff, Schanke allegedly struck Plaintiff at least once. Schanke also allegedly directed Defendants Sergeant

Bevines and Officer Corbert to take Plaintiff to the shower and "tea[]ch [him] about flooding." According to Plaintiff, Bevines and Corbert beat him for "6 or 7 minutes" while he was handcuffed in the shower.

Plaintiff also complains about an incident occurring on August 29, 2013. While Plaintiff was in leg chains and facing the wall, an unidentified Cert Team Officer allegedly yanked Plaintiff's chain, which cut and bruised his leg. Plaintiff further alleges that he was denied medical treatment for his leg for almost a month thereafter.

Plaintiff seeks monetary damages and various types of injunctive relief, largely relating to his confinement at VSP.2

## III.   DISCUSSION

In this Court's Order to recast, Plaintiff was instructed to state in detail each Defendant's actions or omissions that violated Plaintiff's constitutional rights. The Court further stated that if Plaintiff makes no allegation in the body of his recast complaint against a named Defendant, that Defendant will be dismissed from this action.

With the exception of Defendants Melton, Schanke, Bevines, and Corbert, Plaintiff fails to specifically mention any of the Defendants in the body of his complaint. Instead, Plaintiff merely states "Everybody I have listed hurt me in some kind of act of retaliation or by knowing what was happening to me yet refus[]ing to help me or put a stop to it."

The above summary statement is insufficient to support a claim against any of the named Defendants. *See **Pamel Corp. v. P.R. Highway Auth**.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with

---

2   In light of Plaintiff's transfer to ASMP, said claims for injunctive relief would now appear to be moot. ***Zatler v. Wainwright***, 802 F.2d 397, 399 (11th Cir. 1986).

some minimal particularity how overt acts of the defendant caused a legal wrong."). Moreover, Plaintiff's allegation that he asked Defendant Melton to place him in protective custody is insufficient to state a claim against Melton. Finally, Plaintiff cannot maintain an action against the unidentified Cert Team Officer unless Plaintiff names or otherwise adequately identifies the Cert Team Officer to allow service of the complaint on him. *See Moulds v. Bullard*, 345 F. App'x 387 (11th Cir. Aug. 17, 2009) (unpublished); *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir.1992).

Based on the foregoing, it is hereby **RECOMMENDED** that the following Defendants be **DISMISSED WITHOUT PREJUDICE**: Warden Marty Allen, Deputy Warden Orr, Deputy Warden Emmons, Unit Manager Terrell, Officer Wilson, Dr. Moody, Nurse Seleska, Nurse Fry, Nurse Gloria Fraser, Counselor Woods, Counselor Quinn, Counselor Lozano, Lieutenant Melton, Former Warden Cedric Taylor, Former Deputy Warden Ted Philbin, and John Doe Cert Team Officers.

Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof. *See* 28 U.S.C. § 636(b)(1).

Liberally construing the complaint in Plaintiff's favor, the Court concludes that Plaintiff has stated colorable excessive force claims against the remaining three Defendants, Officer Schanke, Sergeant Bevines, and Officer Corbert. Accordingly, it is hereby **ORDERED** that service be made on said three Defendants, and that they file an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendants are reminded of the duty to avoid unnecessary

service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been

6

served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.   The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.   This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the

opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any

remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED AND RECOMMENDED**, this 11th day of March, 2014.


s/***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

cr