IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| HUBERT T. SPRAYBERRY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 7 : 13-CV-136 (HL) |
| JOSEPH SCHNAKE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# ORDER and RECOMMENDATION

Plaintiff filed this action in October 2013 and filed a recast Complaint in January 2014, raising allegations of excessive force and failure to protect against the Defendants. (Docs. 1, 14). Plaintiff's claims were ultimately allowed to proceed against Defendants Bevines, Schanke and Corbert.[1] (Doc. 15).

*Appointment of counsel*

Plaintiff has filed a motion seeking the appointment of counsel. (Doc. 25). Generally speaking, no right to counsel exists in §1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it

appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the Plaintiff.  The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required.  Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED.**

*Discovery motions*

In a motion filed approximately 20 days subsequent to the Court's Order allowing this action to proceed against three named Defendants, the Plaintiff seeks a Court order directing "the Warden at Valdosta State Prison to give this Honorable court the name's [sic] of all cert team member's [sic] that where [sic] in the I.D. room on August 29, 2013 at the same time as Plaintiff was and that this Honorable court then list each as Defendants and that each be serviced by this Honorable Court." (Doc. 22).  Plaintiff alleges that a CERT team member pulled Plaintiff's leg chain, cutting and bruising Plaintiff's leg, while Plaintiff was forced to face a wall on August 29, 2013.  Plaintiff further alleges that all of the CERT team members in the I.D. room witnessed the incident but did not intervene.

Plaintiff's motion is essentially one seeking the Court's aid in discovery, and it was actually filed by the Plaintiff before the discovery period had even begun.  As Plaintiff has not indicated that he has attempted to acquire the desired information through discovery procedures but that his own efforts at discovery have proven futile, the Court finds no basis to intervene in the discovery process at this time.  Plaintiff may seek the identified information through normal discovery

---

[1] The Defendants' Answer indicates that the correct spelling of the defendant identified as "Schanke" by the Plaintiff is in fact "Schnake".  The Clerk is directed to change the docket accordingly.

procedures. Plaintiff's Motion to Ask Court's Aid in Naming CERT Team Defendant's [sic] (Doc. 22) is **DENIED**.

In a motion filed on June 23, 2014, the Plaintiff seeks to submit additional information in support of his motion for the appointment of counsel. (Doc. 44). Inasmuch as the Court has already addressed Plaintiff's Motion for Appointment of Counsel, and Plaintiff's additional information does not change the Court's analysis or conclusion, Plaintiff's Motion to Admit Evidence and More Reason for Appointment of Counsel is **DENIED**.

*Motions for injunctive relief*

In his motions for injunctive relief (Docs. 30, 34), the Plaintiff seeks an order from this Court preventing certain non-party officers at Valdosta State Prison from harassing him and retaliating against him for the filing of this lawsuit. In order to obtain injunctive or declaratory relief, the Plaintiff must prove that: (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (11th Cir. 1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).

A review of the Plaintiff's motions reveals an inadequate basis for the issuance of an injunctive order. Plaintiff has not established that he is entitled to injunctive relief in regard to his requests, i.e., that there is a substantial likelihood of success on the merits or resulting irreparable harm, or that no other relief is available to address his alleged injuries. Moreover, the Plaintiff

seeks injunctive relief against non-parties, relief which this Court is not authorized to grant. *In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-23 (11th Cir. 1995). Accordingly, it is the recommendation of the undersigned that Plaintiff's motions for injunctive relief be **DENIED**. (Docs. 30, 34).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

To the extent that the Plaintiff seeks to amend his motions for injunctive relief regarding the names of the individuals who are allegedly harassing him, Plaintiff's Motion to Amend CERT Officer Named in Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 42) is **GRANTED**.

*Special master*

Finally, the Plaintiff has filed a motion seeking the appointment of a special master pursuant to 18 U.S.C. § 3626 (f)(1)(A). (Doc. 39). Pursuant to § 3626(f)(1(A), the Court may appoint a special master in a prison conditions case to conduct hearings and prepare proposed findings of fact. *Id.* As set out in Rule 53 of the Federal Rules of Civil Procedure,

> [u]nless a statute provides otherwise, a court may appoint a master only to: (A) perform duties consented to by the parties; (B) hold trial proceedings . . . if appointment is warranted by (i) some exceptional condition; or (ii) the need to perform an accounting or resolve a difficult computation of damages; or (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Section 3626 of Title 18 specifically contemplates that special masters in prison conditions cases are to be appointed pursuant to the dictates of Rule 53. 18 U.S.C. § 3626(g)(8). Inasmuch as the Plaintiff has not established the basis for the appointment of a special master under Rule 53, his

Motion for Appointment of Special Masters (Doc. 39) is **DENIED**.

**SO ORDERED and RECOMMENDED**, this 7th day of August, 2014.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE