IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| HUBERT T. SPRAYBERRY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | 7 : 13-CV-136 (HL) |
| | : | |
| JOSEPH SCHNAKE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# ORDER and RECOMMENDATION

Plaintiff filed this action in October 2013 and filed a recast Complaint in January 2014, raising allegations of excessive force and failure to protect against the Defendants. (Docs. 1, 14). Presently pending herein are motions filed by the parties pertaining to discovery (Docs. 68, 71, 72) and injunctive relief (Doc. 67).

*Motion for a protective order*

In a motion filed on October 1, 2014, the Plaintiff seeks the issuance of an order prohibiting the Defendants from harming him and directing the return of allegedly confiscated legal materials. (Doc. 67). In order to obtain such injunctive or declaratory relief, the Plaintiff must prove that: (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (11th Cir. 1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. *Cunningham v. Adams*, 808 F.2d 815,

821 (11th Cir. 1987).

A review of the Plaintiff's motion reveals an inadequate basis for the issuance of an injunctive order. Plaintiff has not established that he is entitled to injunctive relief in regard to his requests, i.e., that there is a substantial likelihood of success on the merits or resulting irreparable harm, or that no other relief is available to address his alleged injuries. Accordingly, it is the recommendation of the undersigned that Plaintiff's motion for a protective order be **DENIED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Plaintiff's requests for discovery*

In motions filed on October 1, 2014 and October 9, 2014, the Plaintiff seeks judicial notice of alleged deficiencies in the Defendants' discovery responses, the setting of a discovery conference, and a subpoena for his medical records. (Docs. 68, 71). Although the Court notes the Plaintiff's contentions regarding Defendants' discovery responses, the Plaintiff has previously raised these concerns in a Motion to Compel, which the Court denied based on Plaintiff's failure to comply with Local Rule 37. (Docs. 55, 61). In regard to the need for a discovery conference, pursuant to Local Rule 26 (C), "an action brought without counsel by a person in custody of the United States, a state, or a state subdivision" is exempt from requirements of discovery plans and conferences that apply in other civil lawsuits. Accordingly, a discovery conference is unnecessary herein. Plaintiff's Motion of Notice and Request (Doc. 68) is **DENIED**.

Although a *pro se* plaintiff may be entitled to the issuance of a subpoena to secure the production of documents, "the Court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from

2

Defendant through a request for production of documents." *Wright v. Young*, 2012 WL 3024431, *1 (N.D.Fla. July 24, 2012). As Plaintiff has not shown that the medical records he seeks are not obtainable through a proper request for production to the Defendants, his request for a subpoena (Doc. 71) is **DENIED**. Although the Plaintiff suggests that the Defendants have improperly denied his discovery requests, the Defendants have asked for an additional extension of the discovery period as they attempt to determine whether additional documents are responsive to Plaintiff's requests. (Doc. 72).

*Motion for Extension of the discovery period*

Finally, the Defendants have filed a motion seeking to extend the discovery period by 30 days. (Doc. 72). By Order dated July 15, 2014, the Court granted Defendants' Motion to Extend Discovery Period and extended the discovery period until October 10, 2014. (Doc. 49). Defendants' Motion for Extension of Time to complete discovery is hereby **GRANTED**, and the discovery period is reopened and extended until **November 21, 2014**. Dispositive motions shall be filed no later than **December 22, 2014.**

Defendants are **DIRECTED** to respond to Plaintiff's recently filed Motion to Compel (Doc. 76) **within 21 days** of the date of this Order and Recommendation. The Court notes that Plaintiff's Motion to Compel may be resolved by the provision of additional discovery materials to which the Defendants refer in their Motion to Extend Discovery Period.

**SO ORDERED and RECOMMENDED**, this 21st day of October, 2014.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE