IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**HUBERT T. SPRAYBERRY**,

    Appellant,

v.

**JOSEPH SCHNAKE, et al.**,

    Appellee.

Civil Action No. 7:13-CV-136 (HL)

**ORDER**

This case is before the Court on Plaintiff's Motion for Permission to Appeal In Forma Pauperis ("IFP") (Doc. 69) and Amended Motion for Permission to Appeal IFP. (Doc. 80). Plaintiff filed his Notice of Appeal (Doc. 64) on September 19, 2014, challenging the Court's September 3, 2014 Order (Doc. 54) adopting the magistrate judge's Report and Recommendation and denying Plaintiff's motion for appointment of counsel and request for injunctive relief. (Doc. 52).

Pursuant to 28 U.S.C. § 1915(a), a district court must determine whether the statements contained in an IFP affidavit satisfy the requirement of poverty. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004). Although a litigant does not have to prove he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his poverty, [he] is unable to pay for the court fees and costs, and to support and provide necessities for himself and

his dependents." Id. (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 338-40 (1948)). "The court, however, may deny an IFP motion if it finds that the action is not taken in good faith. In re Arnold, 166 Fed.App'x 424, 425 (11th Cir. 2006); see 28 U.S.C. § 1915(a)(3). An IFP action is frivolous, and thus not brought in good faith, where it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Ghee v. Retailers Nat. Bank, 271 Fed.App'x 858, 859 (11th Cir. 2008). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.3d 924, 925 (11th Cir. 1991) (per curiam). A claim should be permitted to proceed where it is arguable but may ultimately be unsuccessful. See Cofield v. Ala. Pub. Serv. Comm'n., 936 F.2d 512, 515 (11th Cir. 1991).

On August 7, 2014, United States Magistrate Judge Thomas Q. Langstaff entered an Order and Recommendation addressing multiple motions filed by Plaintiff. (Doc. 52). In particular, the magistrate judge determined based on a review of Plaintiff's Complaint and the complexity of the issues presented therein that exceptional circumstances did not exist to warrant appointing an attorney to represent Plaintiff at that particular juncture in the case. The magistrate further found that there was no adequate basis upon which to grant Plaintiff's motion for injunctive relief as Plaintiff had not established that there is a substantial likelihood of success on the merits or a risk of irreparable harm, nor did the court have the authority to grant injunctive relief against non-parties.

At the conclusion of the order, Judge Langstaff informed Plaintiff in bold print that pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days in which to file any objections to the Recommendation in the District Court. Plaintiff filed no objections to the Recommendation. Accordingly, on September 3, 2014, the Court, after reviewing the Recommendation for clear error and finding none, accepted and adopted the Recommendation.

Plaintiff waived the right to appeal the Court's order by failing to file timely objections. See Redmon v. Lake County Sheriff's Office, 414 Fed. App'x 221, 226-27 (11th Cir. 2011). Federal Rule of Civil Procedure 72 provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.

Fed.R.Civ.P. 72(a). The Eleventh Circuit has held that "where a party fails to timely challenge a magistrate's nondispositive order before the district court, the party waived his right to appeal those orders in this Court." Smith v. School Bd. of Orange County, 487 F.3d 1361, 1365 (11th Cir. 2007) (citing Maynard v. Bd. of Regents, 342 F.3d 1281, 1286 (11th Cir. 2003)). The order that Plaintiff now appeals is a nondispositive motion that addresses certain pretrial matters without disposing of any claim or defense. Despite receiving instructions on when any

objections to the order must be filed, Plaintiff neglected to do so and, therefore, waived his right to appeal.

Accordingly, Appellant's Motion to Proceed IFP is denied as frivolous. Plaintiff is advised to consult Rule 24(a)(5) of the Federal Rules of Appellate Procedure should he wish to pursue this appeal further.

**SO ORDERED**, this 31st day of December, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks